1     IN THE UNITED STATES DISTRICT COURT

2     FOR THE NORTHERN DISTRICT OF CALIFORNIA

3  FELIX A. SALCIDO,                    No. C 08-04083 CW (PR)

4          Petitioner,                  ORDER GRANTING RESPONDENT'S
                                        MOTION TO DISMISS PETITION AS
5     v.                                UNTIMELY

6  JAMES A. YATES, Warden,              (Docket no. 8)

7          Respondent.

8  _____/

9                         INTRODUCTION

10        On August 26, 2008, Petitioner Felix A. Salcido, a state

11  prisoner incarcerated at Pleasant State Valley Prison, filed a pro

12  se petition for a writ of habeas corpus pursuant to 28 U.S.C.

13  § 2254.  On December 15, 2008, the Court ordered Respondent to show

14  cause why the petition should not be granted.  On April 27, 2009,

15  Respondent filed a motion to dismiss the present petition as

16  untimely under 28 U.S.C § 2244(d), the statute of limitations

17  established by the Antiterrorism and Effective Death Penalty Act of

18  1996 (AEDPA).  Petitioner opposed the motion, and Respondent has

19  filed a reply to the opposition.  For the reasons set forth below,

20  the Court GRANTS Respondent's motion to dismiss.

21                         BACKGROUND

22        The following factual and procedural background is based on

23  the allegations in the petition, on Respondent's motion to dismiss

24  and attached exhibits, and on Petitioner's opposition to the motion

25  to dismiss.

26        On December 14, 2001, following a jury trial, Petitioner was

27  convicted of one count of murder in the second degree.  (Pet. at

28  2.)  The trial court sentenced Petitioner to fifteen years to life

imprisonment.  (Id.)  Petitioner challenged his conviction in the

California Court of Appeal where it was affirmed on February 17,

2004.  (Id.)  Petitioner filed a petition for review in the

California Supreme Court, which was denied on April 28, 2004.

(Resp't Ex. 2.)

On July 25, 2005, Petitioner filed a state habeas petition in

the Santa Clara County Superior Court.  (Resp't Ex. 3.)  The

superior court denied the petition after conducting an evidentiary

hearing on January 12, 2007.  (Resp't Ex. 4.)  On March 2, 2007,

Petitioner filed a state habeas petition in the California Supreme

Court, which was denied on August 22, 2007. (Resp't Ex. 5.)

Petitioner filed the present federal habeas petition on August

20, 2008.[1]

DISCUSSION

I.   AEDPA Limitations Period

The AEDPA became law on April 24, 1996 and imposed for the

first time a statute of limitations on petitions for a writ of

habeas corpus filed by state prisoners.  Petitions filed by

prisoners challenging non-capital state convictions or sentences

---

[1] A pro se federal habeas petition is deemed filed on the date
it is delivered to prison authorities for mailing.  See Saffold v.
Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on
other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a
federal or state habeas petition is deemed filed on the date the
prisoner submits it to prison authorities for filing, rather than the
date it is received by the courts).  Petitioner claims he delivered
the petition to prison authorities for mailing on August 20, 2008, the
date the petition was signed.  (Opp'n at 2.)  The record shows that
prison authorities mailed the petition the following day, on August
21, 2008.  (Opp'n Ex. B.)  Therefore, the Court concludes that the
petition was filed on August 20, 2008.

must be filed within one year of the latest date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, must satisfy the AEDPA statute of limitations.  See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

"Direct review" within the meaning of the statute includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he actually files such a petition or not.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

In the present case, the California Supreme Court denied review on April 28, 2004.  The judgment became final for purposes

3

of the AEDPA statute of limitations ninety days later, on July 27, 2004.  See id.  Accordingly, Petitioner was required to file a federal habeas corpus petition no later than July 27, 2005.  See 28 U.S.C. § 2244(d).  Because he did not file the present petition until August 20, 2008, the petition is untimely unless he can show that he is entitled to tolling.

II.  Statutory Tolling

The petition may be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time.  As noted earlier, AEDPA's one-year limitations period is tolled under § 2244(d)(2) for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  The limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court.  Carey, 536 U.S. at 223.  In California, where prisoners generally use the State's original writ system, this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of the next original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court.  See id. at 220-25.

In the present action, Petitioner alleges that his appellate attorney filed his state habeas petition in the Santa Clara County Superior Court on July 25, 2005.  (Opp'n at 6.)  Only two days

4

United States District Court
For the Northern District of California

remained before the statutory limitations period expired.[2] The limitations period was tolled until the California Supreme Court denied Petitioner's state habeas petition on August 22, 2007. Thereafter, Petitioner had only two days, or until August 24, 2007, to file his federal habeas petition. Because Petitioner filed his federal habeas petition on August 20, 2008 -- more than a year after the statute of limitations had expired -- his petition is untimely unless he is entitled to equitable tolling.

III. Equitable Tolling

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. See Beeler, 128 F.3d at 1288. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a

---

[2] Respondent argues that the fact that "only two days remained demonstrates that Petitioner failed to pursue his rights diligently during the period he was exhausting his state court remedies." (Reply at 4.) Petitioner has failed to explain his delay in filing his state superior court habeas petition or to claim that he is entitled to equitable tolling at any time during this delay; therefore, the Court need not address this issue.

5

litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005).

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" <u>Id.</u> at 1066 (quoting <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir.), <u>cert. denied</u>, 531 U.S. 878 (2000)).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." <u>Lott</u>, 304 F.3d at 920. When a prisoner is proceeding <u>pro se</u>, his allegations regarding diligence in filing a federal petition on time must be construed liberally. <u>Roy v. Lampert</u>, 465 F.3d 964, 970 (9th Cir. 2006).

Here, Petitioner argues that he is entitled to equitable tolling because his untimeliness was caused by extraordinary circumstances beyond his control. (Opp'n at 6-7.)

First, Petitioner claims that his delay in obtaining notice of the state supreme court's denial of his state habeas petition was an extraordinary circumstance beyond his control. (Opp'n at 3.) Petitioner claims that a week before the August 22, 2007 denial, he had terminated his appellate attorney, who agreed to send

Petitioner the "trial transcripts, work product and pertinent affidavits so [Petitioner] could continue his collateral petition _in propria persona_." (_Id._ at 3, 7.) On August 28, 2007, Petitioner received a letter from his appellate attorney informing him of the denial. Petitioner claims that "'due to the eleventh hour decision of concluding representation of counsel' there was not sufficient time for Petitioner to further pursue his collateral petition _in propria persona_." (_Id._ at 3.) As mentioned above, when Petitioner began seeking state collateral relief, he only had two days remaining before his limitations period expired. Therefore, after his state collateral proceedings concluded on August 22, 2007, the limitations period expired two days later, on August 24, 2007. However, the Ninth Circuit has held that a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can be grounds for equitable tolling if the prisoner acted diligently to obtain notice. _Ramirez v. Yates_, 571 F.3d 993, 997 (9th Cir. 2009). Here, Petitioner had just terminated his appellate attorney a week before the denial was issued. Because Petitioner had only started representing himself as a _pro se_ litigant a week before the denial, the only manner he could obtain notice of the denial was through his appellate attorney, who presumably was informed of the denial by the state supreme court. The appellate attorney's address may have been the only address listed in Petitioner's state court habeas action. The fact that Petitioner was still in contact with his appellate attorney at the time the denial was issued shows that Petitioner acted diligently to obtain notice of the denial; therefore, Petitioner is entitled to equitable tolling from the date of the

denial, August 22, 2007, through August 28, 2007, the date he received notice of the denial from his appellate attorney.  See Ramirez, 571 F.3d at 997.

The limitations period began to run again on August 28, 2007, and Petitioner had two days to file his federal habeas petition before the limitations period expired.  On August 30, 2007, the last day before the expiration of the limitations period, Petitioner wrote a letter seeking to obtain "the trial transcripts, work product and pertinent affidavits" from his appellate counsel.  (Opp'n at 3; Ex. B.)  Petitioner also claims to have made several telephone calls to his appellate attorney making the same request.  (Opp'n at 3.)  Because his attorney was delayed in returning his trial records and transcripts, Petitioner claims he should be entitled to equitable tolling from August 30, 2007, the first date he requested his trial records, through May 9, 2008, the date he received his complete case file.  (Id. at 4-7.)

The Ninth Circuit has held that a habeas petitioner cannot be expected to "'prepare and file a meaningful petition on his own within the limitations period' without access to his legal file."  Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (quoting Spitsyn, 345 F.3d at 801).  However, the issues actually raised in the petition may show that the lack of a transcript did not actually delay the filing of the petition.  United States v. Battles, 362 F.3d 1195, 1198 N. 5 (9th Cir. 2004).  Furthermore, the grounds for granting equitable tolling are "highly fact dependant."  Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002).  Where a prisoner fails to show "any causal connection"

between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas application, the equitable tolling claim will be denied.  Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir. 2006).

Here, as mentioned above, Petitioner received copies of his prior state habeas petitions on November 26, 2007.  However, he did not attempt to draft his federal petition until after he received his complete case file -- including his trial records and transcripts -- on May 9, 2008.  Respondent argues Petitioner's allegations do not show a causal connection between the delay in receiving his complete case file and his inability to file a timely federal habeas petition.  (Reply at 3.)  Petitioner does not specify why the transcripts and affidavits were necessary to file a timely federal petition.  Petitioner also fails to explain whether he was unable to obtain this information from the previous state petitions provided to him on November 26, 2007, or even from his general knowledge obtained during his trial and at the evidentiary hearing in Santa Clara County Superior Court.  Respondent argues that Petitioner should at most only be entitled to equitable tolling from August 30, 2007 through November 26, 2007, the date he received his state court petitions, because "the issues raised in the present petition are virtually identical to those raised in previously filed state petitions, [and] the absence of additional materials did not make it impossible to file the present petition on time."  (Id. at 4(citing Battles, 362 F.3d at 1198 n.5)).  Thus, Respondent contends that Petitioner is not entitled to equitable

tolling for the period from November 26, 2007 through May 9, 2008, during which his appellate attorney failed to return the trial transcripts, work product and pertinent affidavits to him. (Reply at 2 (citing <u>Gassler v. Bruton</u>, 255 F.3d 492, 495 (8th Cir. 2001) (rejecting equitable tolling based on delay in receiving trial transcripts because possession of trial transcript is not a condition precedent to filing for post-conviction relief; a petition seeking collateral relief could have been filed, following which, if necessary for decision of the issues raised, the court could have ordered production of the transcript).) Nevertheless, the Court need not decide this issue because, as explained below, the present petition would still be untimely by over three months.

Even if Petitioner is entitled to equitable tolling during the entire period he did not have access to his complete case file, then -- with no time remaining in the limitations period -- he should have filed his federal habeas petition on May 10, 2008, the day after he received his complete case file. Instead, he filed it more than three months later. Petitioner argues he is further entitled to equitable tolling from May 9, 2008 through August 20, 2008, the date he filed the present petition. (Opp'n at 6-7.) Petitioner argues that he could not file the present petition immediately after obtaining his complete case file because his <u>pro se</u> status left him "without the amenities of an attorney's law office (i.e. books, copy machine, computer, etc.)." (Opp'n at 7.) Additionally, Petitioner claims he had limited access to the prison law library because he was obliged to attend his assigned vocational trade classes Monday through Friday from 8:00 a.m. until 3:00 p.m. (Opp'n at 7.) As a result, he only had access to the

law library on Saturdays to research and draft his federal petition. (Id.)

A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); cf. Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ). Nor do "ordinary prison limitations on . . . access to the law library and copier" constitute extraordinary circumstances or make it impossible to file on time. See Ramirez, 571 F.3d at 998.

Petitioner's allegations fail to show that equitable tolling is warranted during the more than three months of delay at issue. The claims raised in the present petition are identical to those raised in the state court petition; therefore, a timely federal habeas petition would not have differed much from his state habeas petitions. Petitioner's pro se status and his limited access to the prison law library did not make it impossible for him to file a federal petition on time, Beeler, 128 F.3d 1288; nor were they the cause of his untimeliness, Spitsyn, 345 F.3d at 799.

In sum, the limitations period ran from July 27, 2004 until July 25, 2005 -- two days before the limitations period expired -- when Petitioner filed his habeas petition in the state superior court. Petitioner is entitled to statutory tolling during the entire time his state habeas petitions were pending from July 25,

2005 through August 24, 2007.  The limitations period ordinarily
would have begun to run on again August 25, 2007; however,
Petitioner did not receive notice of the denial until August 28,
2007.  Because Petitioner was diligent in obtaining notice of the
denial, he is entitled to equitable tolling during the four-day
delay.  Even if the limitations period is equitably tolled from
August 30, 2007 through May 9, 2008 while Petitioner sought to
obtain his complete case file, the present petition is untimely
because it was filed more than three months past the expiration of
the limitations period.  Petitioner is not entitled to equitable
tolling during the more than three-month delay from May 9, 2008
through August 20, 2008 because his pro se status and alleged lack
of access to the prison law library do not constitute extraordinary
circumstances beyond his control making it impossible to file his
federal petition on time.  Accordingly, the present petition is
untimely, and the Court GRANTS Respondent's motion to dismiss.

CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's
motion to dismiss the petition as untimely; the petition is hereby
DISMISSED with prejudice.  The Clerk of the Court shall terminate
all pending motions and shall enter judgment and close the file.

This Order terminates Docket no. 8.

IT IS SO ORDERED.

DATED: 2/16/10

_____
CLAUDIA WILKEN
United States District Judge

1           UNITED STATES DISTRICT COURT

2                       FOR THE

3         NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7 FELIX A SALCIDO,                 Case Number: CV08-04083 CW

8          Plaintiff,           **CERTIFICATE OF SERVICE**

9

10   v.

11 JAMES A YATES et al,

12

13         Defendant.

       —————————————————————/

14

15 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

16

17 That on February 16, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said

18 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

19

20

21 Felix A. Salcido T-38674

  Pleasant Valley State Prison

22 Facility D,  D3-124

  P.O. Box 8504

23 Coalinga,  CA 93210

24

25 Dated: February 16, 2010

                    Richard W. Wieking, Clerk

26                     By: Sheilah Cahill, Deputy Clerk

27

28